**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMAL RASHID,

                          Plaintiff,

              - v -                                        Civ. No. 1:16-CV-1094
                                                                  (FJS/DJS)

DR. SUFYAN,

                          Defendant.

**APPEARANCES:**                                        **OF COUNSEL:**

JAMAL RASHID
Plaintiff, *Pro Se*
15-A-4424
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Jamal Rashid, who is presently incarcerated in Great Meadow Correctional Facility. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP").[1] Dkt. No. 5, IFP App. By separate Order, dated November 4, 2016, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

---

[1] This case was initially brought in September 2016, but was administratively closed due to the fact that Plaintiff's IFP Application was incomplete. Dkt. Nos. 2 & 4. Upon the filing of a complete IFP Application, this matter was reopened and forwarded to the undersigned for review. Dkt. Nos. 5 & 6.

# I.  DISCUSSION

## A.  Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 & 679 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

According to the Complaint, in late-October/early-November 2013, after being choked from behind and losing consciousness, Plaintiff awoke and walked to a hospital for help. Compl. at pp. 4-5.[2] The hospital referred Plaintiff to Defendant Dr. Sufyan for a "shattered orbital floor in his right eye, a broken jaw, and bone fragments in his sinus box." *Id*. Dr. Sufyan performed plastic surgery, consisting of placing metal in Plaintiff's face in three places – eyes, nose, and jaw. *Id*. at p. 4. According to Plaintiff, complications arose wherein his eye bled for a month, screws were falling out, he experienced headaches, and had trouble eating. *Id*. at pp. 4-5. When Plaintiff complained to Dr. Sufyan about a screw that came loose, Dr. Sufyan replied that he should not worry because the brace would come out shortly. *Id*. at p. 5. Medical professionals have advised Plaintiff that the plates were not placed correctly and that the hardware failed.[3] *Id*.

---

[2] Citations to the Plaintiff's Complaint are to the page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

[3] Plaintiff mentions that he had retained an attorney to represent him in a malpractice action against Dr. Sufyan, but the attorney apparently stopped representing him at some point. It is not clear whether a malpractice action has been
(continued...)

The Court notes that in bringing this action, Plaintiff utilized a *pro forma* complaint typically used by inmates who are seeking to vindicate violations of their constitutional rights pursuant to 42 U.S.C. § 1983. That statute "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). Yet, in the civil cover sheet accompanying his Complaint, Plaintiff indicates that this action is one of personal injury – medical malpractice – and he states that he is bringing this action for "inadequate treatment, negligence (medical miscondut), [and] violation of constitutional right - 4th." Dkt. No. 1-1, Civil Cover Sheet.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In light of his *pro se* status, and because of the lack of clarity regarding the basis for the Court's jurisdiction, the Court will *sua sponte* assess whether subject matter jurisdiction is present here under both federal question and diversity jurisdiction.

---

$^3$(...continued)
brought by Plaintiff and, if so, what the status of such action is at the present time.

With regard to the Court's federal question jurisdiction, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus I start my analysis with the federal statute by which Plaintiff has invoked in order to remedy violations of his constitutional rights.

First, after reviewing the facts of this case, the Court is unsure as to the precise Constitutional right Plaintiff asserts has been violated. But even more problematic for Plaintiff is the fact that the a party may not be held liable under § 1983 unless it can be established that he has acted under the color of State law. *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). Thus, State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted).

From all reasonable interpretations of the facts contained in the Complaint, it appears that Defendant Dr. Sufyan is a private surgeon who is employed at the Williams Center Plastic Surgery Specialists, which Plaintiff states is located in Latham, New York. According to the Complaint, it appears that Dr. Sufyan provided medical care to Plaintiff prior to the Plaintiff's incarceration.[4] No

---

[4] Indeed, despite Plaintiff's current incarcerated status, there is no indication that Plaintiff's interaction with Dr. Sufyan occurred while Plaintiff was in custody. According to the Complaint, Plaintiff began his relationship with Defendant in October/November of 2013 when, after visiting a hospital, Plaintiff was referred to him for treatment. Compl. at p. 4. Although unclear, it seems that Plaintiff's criminal charge may relate to the reason he sought medical care. *Id*. at p. 5 (noting his belief that his retained civil attorney refused to continue the case due to his criminal case, which "started after someone choked [Plaintiff] from behind until [he] was unconcious" after which he went to the hospital). Plaintiff began experiencing negative side effects from his surgery from some unspecified date, possibly in 2014, through the date the Complaint was signed. *Id*. at pp. 4-5 & 7. According to the Department of Corrections and Community Supervision ("DOCCS"), his current incarceration began in November 2015. *See* DOCCS Inmate Information Data, *available at* http://nysdoccslookup.doccs.ny.gov (information obtained for DIN 15-A-4424). While it is not clear whether Plaintiff served any time in prison during the pendency of the criminal proceeding, and it is not clear when his he stopped getting treatment from Dr. Sufyan, the facts set forth in the Complaint suggest that during the relevant time in question, he was not in prison and was able to travel to his various medical appointments by "medicab".
(continued...)

where in the Complaint does Plaintiff allege that Dr. Sufyan provided medical care for him on behalf of the State, at the request of the State, or that Dr. Sufyan has any connection to the State such that his actions could be categorized as acting under color of State law. Having failed to show that the Defendant acted under color of State law, Plaintiff fails to state a cognizable cause of action against Defendant Sufyan pursuant to 42 U.S.C. § 1983. Thus, the Court recommends that this claim be dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the Plaintiff has not set forth a cognizable claim pursuant to this Court's federal question jurisdiction, the I will consider whether the Court has subject matter jurisdiction under 28 U.S.C. § 1332, the statute conferring diversity jurisdiction. For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)).

In the "Parties" section of the Complaint, Plaintiff provides a Comstock, New York, address

---

[4](...continued)
Compl. at p. 5.

for himself.[5] For Defendant Dr. Sufyan, Plaintiff lists a Latham, New York address, which, upon information and belief, is his place of employment. Plaintiff's claim sounds in medical malpractice and negligence and he seeks compensation for his pain and suffering in the amount of $2,100,000. While on its face the amount in controversy well exceeds the $75,000 as required by the statute, because both parties apparently reside in the same State, namely, New York State, and thus diversity jurisdiction is lacking. Accordingly, the Court recommends dismissing Plaintiff's State claims, to the extent he has asserted any, due to a lack of subject matter jurisdiction.[6]

## II. CONCLUSION

In light of the above discussion, the undersigned has determined that this Court lacks the subject matter jurisdiction necessary to maintain this action. **WHEREFORE**, it is hereby

**RECOMMENDED**, that this entire action be *sua sponte* dismissed due to lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[5] As previously noted, Rashid is currently incarcerated at the Great Meadow Correctional Facility. Compl. at p. 1.

[6] This is not a ruling nor finding on the merits of any State claim Plaintiff seeks to pursue against Defendant.

Date: November 4, 2016
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge